NOT RECOMMENDED FOR PUBLICATION

**No. 17-6364**

| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT | | **FILED**<br>Jun 11, 2018<br>DEBORAH S. HUNT, Clerk |

HANAN ENDRAWES; SHENOUDA HENIN,  )
                                   )
        Plaintiffs-Appellants,     )
                                   )       ON APPEAL FROM THE
v.                                 )       UNITED STATES DISTRICT
                                   )       COURT FOR THE MIDDLE
SAFECO INSURANCE COMPANY, "A Liberty )     DISTRICT OF TENNESSEE
Mutual Company,"                   )
                                   )       OPINION
        Defendant-Appellee.        )
                                   )

---

BEFORE:    GIBBONS, STRANCH, and BUSH, Circuit Judges

**JANE B. STRANCH, Circuit Judge.** Plaintiffs Hanan Endrawes and Shenouda Henin brought suit against Defendant Safeco Insurance Company in the Davidson County, Tennessee Circuit Court. Safeco removed the action to the United States District Court for the Middle District of Tennessee and then moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). The district court dismissed the action for failure to state a claim and denied Plaintiffs' motion to remand as moot. Plaintiffs then reasserted their request to remand in a motion to alter or amend the judgment or, in the alternative, to amend the complaint, which the district court denied. Plaintiffs appealed from the dismissal and the denial of their motion to alter or amend the judgment. They have since moved to supplement the appellate record to add a new version of their complaint. For the reasons set forth below, we **DENY** the motion to supplement and **REVERSE** the decisions of the district court.

## I.    BACKGROUND

After improperly changing lanes, a third-party driver struck Plaintiff Endrawes as she was driving on May 11, 2016.  Endrawes, a Tennessee resident, suffered "serious bodily injuries and was transported to the emergency room at Vanderbilt University Medical Center for treatment."  Endrawes alleges that she continues to suffer physical and emotional injuries as a result of the accident.

The third-party driver's insurance company accepted liability and paid Plaintiffs the policy maximum of $25,000.  Plaintiffs then filed a claim with their own automobile insurance provider, Safeco, under the uninsured motorist provision of their policy.[1]  Plaintiffs allege that Safeco "failed to properly and promptly investigate the accident and act in good faith to resolve it."  Safeco did, however, offer Plaintiffs $500.00 "for full and final settlement."  Plaintiffs then filed this action, alleging breach of contract, bad faith, and unfair and deceptive practices in violation of the Tennessee Consumer Protection Act (TCPA), Tenn. Code Ann. § 47-18-101, *et seq*.  Plaintiffs sought compensatory damages, treble damages under the TCPA, costs, reasonable attorney's fees, and other "general relief to which the plaintiffs may be entitled under the law."  Although not explained in the complaint, Plaintiff Henin is Endrawes's husband.  Henin was not involved in the accident, but seeks damages for loss of consortium.

Safeco removed the action to federal court.  It explained that because Safeco is incorporated in Illinois and has its principal place of business in Boston, Massachusetts, all parties are diverse.  On the basis of the claims set out in Plaintiffs' complaint, Safeco argues that the amount in

---

[1] Plaintiffs failed to include in the complaint the date on which they filed a claim with Safeco, but the documents attached to Safeco's removal notice indicate that it was March 15, 2017.  The attached documents include Plaintiffs' Safeco insurance policy, which makes clear that the "uninsured motorist provision" also covers underinsured motorists, such as the third-party driver who caused Endrawes's accident.

controversy exceeded $150,000, thus surpassing the $75,000 threshold in the diversity jurisdiction statute, 28 U.S.C. § 1332.

A week after removal, Safeco filed a motion to dismiss the complaint for failure to state a claim. Plaintiffs responded in opposition, and moved to remand the action to state court. The district court granted Safeco's motion to dismiss and denied Plaintiffs' motion to remand as moot. Plaintiffs moved to alter or amend the judgment, arguing that the district court lacked subject matter jurisdiction to consider the Rule 12(b)(6) motion because the amount in controversy did not exceed $75,000. Plaintiffs requested that the dismissal be vacated and the case remanded or that they be granted leave to amend the complaint. In a subsequent memorandum opinion, the district court clarified its prior order and otherwise denied the motion to alter or amend the judgment. The district court also denied the motion to amend, but noted that nothing in the proposed amended complaint would save the action. Plaintiffs timely appealed.

## II. ANALYSIS

### A. Jurisdiction and Standard of Review

This court has jurisdiction because the district court entered a final appealable order. 28 U.S.C. § 1291. We review a district court's dismissal of a complaint under Rule 12(b)(6) de novo, *see Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 461 (6th Cir. 2016), and we review a denial of a motion to alter or amend the judgment for abuse of discretion, *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009). "We review the existence of subject matter jurisdiction de novo." *Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir. 2003).

### B. Motion to Supplement the Record

Plaintiffs have moved to supplement the appellate record to include a new version of their proposed amended complaint. Safeco responded in opposition, pointing out that the proposed addition was not filed with the district court prior to its decision on Plaintiffs' motion to alter or

amend, and therefore did not bear on the district court's decisions from which they appeal. Indeed, Plaintiffs attempted to file this new version of the complaint with the district court, but only *after* the district court had ruled on the motion to alter or amend. The district court ultimately denied the request and deleted this disputed version of the complaint from the docket.[2]

Federal Rule of Appellate Procedure 10(e) permits supplementation of the district court record when the parties dispute whether the record actually discloses what occurred in the district court, or when a material matter is omitted by error or accident. Fed. R. App. P. 10(e)(2)(A)−(C); *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997). The purpose of the rule is to permit the correction of omissions or misstatements, not to introduce new evidence before the court of appeals that was not considered below. *Id.* at 487−88. Plaintiffs attempt to do precisely that, and seek to supplement the record with a version of their amended complaint that was not considered by the district court in ruling on the motion to alter the judgment or amend the complaint. *See United States v. Cornell*, 162 F. App'x 404, 413−14 (6th Cir. 2006). Accordingly, there is no reason under Rule 10 to supplement the record to include this version of the complaint. Nor have Plaintiffs provided any reason for the court of appeals to exercise its equitable powers to supplement the record. *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003) (assuming that the court had equitable powers to supplement the record but declining to do so because no "special circumstances" were present that would "justify" exercise of that authority). Plaintiffs' motion to supplement the record is therefore denied.

## C.   Amount in Controversy

Plaintiffs assert that the district court erred in denying their motion to alter or amend the judgment because it lacked subject matter jurisdiction to consider Safeco's motion to dismiss.

---

[2] Plaintiffs separately attached an earlier version of a proposed amended complaint to their reply brief in the district court, in support of their motion to alter or amend. The district court expressly considered that proposed amended complaint, which is therefore part of the appellate record. The instant disputed complaint is yet a third version, which was not filed until after the district court rendered its decision on the motion to alter or amend.

Safeco responds that Plaintiffs' original pleadings, confirmed by the documents attached to Safeco's notice of removal, establish that the amount in controversy surpassed the jurisdictional threshold.

Removal to federal court on the basis of diversity jurisdiction is permissible if "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c). Section 1332, in turn, provides that diversity jurisdiction exists only when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[T]he determination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). A removing defendant has the burden of showing that the amount in controversy "more likely than not" meets the statutory threshold. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993*), abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

Here, Safeco and the district court both premised their calculation of the amount in controversy on the treble damages Plaintiffs sought through their TCPA claim. According to the district court, the treble damages could be considered in calculating the amount in controversy, notwithstanding the dismissal of the TCPA claim, because Plaintiffs sought such damages "at the time of removal." It is true that a district court's post-removal dismissal of a claim does not necessarily alter the removal determination or eliminate federal court jurisdiction. *See Rogers*, 230 F.3d at 871–72 (explaining that post-removal developments, including joint stipulations, do not eliminate subject matter jurisdiction). Here, however, jurisdiction never existed because the treble damages Plaintiffs sought were a legal impossibility.

In 2011, the Tennessee legislature passed a statute that "prohibits private causes of action in cases involving insurance claims." *Riad v. Erie Ins. Exch.*, 436 S.W.3d 256, 269 (Tenn. Ct. App. 2013) (explaining that the amendment applies to claims accruing after April 29, 2011); *see also* Tenn. Code Ann. § 56-8-113 (providing that Titles 50 and 56 "shall provide *the sole and exclusive statutory remedies and sanctions applicable to an insurer*, person, or entity licensed, permitted, or authorized to do business under this title for alleged breach of, or for alleged unfair or deceptive acts or practices in connection with, a contract of insurance" (emphasis added)). Plaintiffs therefore could not at the time of removal, or now, recover treble damages from their insurer under the TCPA. Simply put, Safeco cannot carry its burden of demonstrating the amount in controversy by relying on damages for which the Plaintiffs are statutorily ineligible. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (noting that "if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow").

If TCPA treble damages are excluded, Plaintiffs original complaint sought payment "up to the policy limits," a 25% bad faith penalty, attorney's fees, and costs. The insurance policy's uninsured motorist provisions provide for $50,000 per person for bodily injury, and only Endrawes sustained a bodily injury. The policy specifies that this amount is to be reduced by the recovery from the third-party driver who was legally responsible for the accident. Safeco therefore owed Plaintiffs, at most, $25,000 under the terms of their policy. Even assuming Plaintiffs recovered the full amount of $25,000 plus the 25% bad faith penalty for a total of $31,250, and even if costs and fees[3] are added, Safeco has not met its burden of demonstrating that this amount "more likely

---

[3] We, as did the district court, construe Plaintiffs' bad faith claim as a claim under Tennessee's bad faith statute, Tenn. Code Ann. § 56–7–105. The bad faith statute provides for attorney's fees, and this circuit has held that such fees may be considered in evaluating the amount in controversy. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007).

than not" exceeds $75,000. Plaintiffs' pre-litigation demand letter requesting $100,000 does not change this conclusion, especially as it seems to set its opening figure for negotiations on the same erroneous assumption that treble relief under the TCPA would be available.

This is a unique case where the record at the time of removal makes clear that the district court lacked subject matter jurisdiction under § 1332 because:  (1) Plaintiffs were statutorily ineligible for treble damages; and (2) the scope of Safeco's liability was otherwise limited, as set forth in the policy that Safeco itself attached to its notice of removal.  Safeco thus failed to demonstrate that Plaintiffs' claims more likely than not met the $75,000 threshold at the time of removal. Under these circumstances, Safeco did not carry its burden of establishing diversity jurisdiction and demonstrating removability under § 1446.  The district court consequently lacked subject matter jurisdiction over the action and should have granted Plaintiffs' request to remand.

We therefore reverse the district court's decision denying Plaintiffs' motion to alter or amend the judgment.  The lack of subject matter jurisdiction obviates the need to review the district court's decisions on Safeco's motion to dismiss or Plaintiffs' motion to amend.

### III.    CONCLUSION

The district court lacked subject matter jurisdiction at the time of removal.  We therefore **REVERSE** the district court's decision denying Plaintiffs' motion to alter or amend the judgment and **REMAND** the case to the district court, with instructions that the action be remanded to the Davidson County Circuit Court.